UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER D. CRAFT SR.,

               Plaintiff,

-against-

ELON MUSK; SOCIAL MEDIA PLATFORM TWITTER,

               Defendants.

23-CV-2351 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Christopher D. Craft, Sr., brings this *pro se* action invoking the court's federal question jurisdiction and diversity of citizenship jurisdiction, and alleging that Defendants violated his rights. Named as Defendants are Elon Musk and Twitter. Plaintiff provides San Francisco, California, addresses for both Defendants. By order dated March 21, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). For the following reasons, this action is transferred to the United States District Court for the Northern District of California.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when they blocked his Twitter account. Plaintiff provides San Francisco, California, address for both Defendants.[1] Because Plaintiff does not allege that any defendant resides in this District, venue is not proper in this District under Section 1391(b)(1). As Plaintiff alleges that Defendants reside in San Francisco, California, venue is proper under 28 U.S.C. § 1391(b)(1) in the Northern District of California. *See* 28 U.S.C. § 84(a). To the extent that Plaintiff is arguing that the events giving rise to his claims occurred at this home in Hyde Park, Dutchess County, New York, venue may be proper in this District under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

---

[1] Plaintiff provides San Francisco addresses for both Defendants. (ECF 1, at 4.) When asked to state the citizenship of Defendants for the purposes of establishing diversity of citizenship jurisdiction, Plaintiff states that Musk is a citizen of "Boca [C]hica Texas, Austin Texas, [and] San Francisco California," and that Twitter is incorporated under the laws of "Worldwide & Texas & California based" and that it maintains its principal place of business in San Francisco. (ECF 1, at 3.)

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Defendants are located in San Francisco, California, and it reasonable to expect that all relevant documents and witnesses would also be in San Francisco, California. Furthermore, Plaintiff's allegations that Twitter removed his account suggest he is challenging the terms of its user agreement. In other suits about termination of Twitter accounts, Twitter has argued that since 2009, its user agreement has included a forum selection clause requiring that "[a]ll disputes related to these Terms or Services will be brought solely in the federal or state courts located in San Francisco County, California, United States." *Trump v. Twitter, Inc.*, No. 21-22441-Civ (S.D. Fla. Oct. 26, 2021) (order from the United States District Court for the Southern District of Florida transferring action to the Northern District of California).

The Northern District of California appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. A summons shall not issue from this Court. This order closes this case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 27, 2023
         New York, New York

                                                        /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                          Chief United States District Judge